UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MARTHA IRAK, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIVIL NO. 2:10cv241 |
| WAL-MART STORES EAST, LP, | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant, Wal-Mart Stores East, LP ("Wal-Mart"), on June 29, 2011. The plaintiff, Martha Irak ("Irak") filed her response on July 18, 2011, to which Wal-Mart replied on July 25, 2011.

For the following reasons, the motion will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own

pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

The following facts are supported by deposition testimony and are undisputed. On or about March 27, 2009, Irak was an invitee at the Wal-Mart Store located in Merrillville, Indiana. Irak shopped at this store frequently. As Irak approached the store, she turned back to get a "buggy" after passing several of them in the cart corral in the parking lot, while talking with her companion. She tripped when her foot became wedged under the bar that connects the sides of the cart corral. The bar was bent up, something Irak could have seen if she had looked down.

In October of 2007, less than a year and a half before the incident at Wal-Mart, Irak underwent total bilateral knee replacement surgery. After that procedure, Irak was more conscientious about the possibility of falling on her knees. She took extra care because falling hard on her knees would seem to her to cause possible disruption or movement of the apparatuses in her legs. She took extra care when walking after she had her knee replacement surgery. However, just before she fell, Irak was not looking down, but was talking to her companion and was laughing about needing buggies because she had "bum knees."

Irak does not know how long the bar had been bent up. She did not hear anyone – either at the scene or since – say anything about having had any problem with the cart corral or tripping or falling on the bar before she did.

Wal-Mart did not know that the bar was bent up. Store Manager Joel Gloden has been responsible for the operation of this store since July 2002. Gloden had never noticed a bottom bar on a cart corral bent so that it didn't sit flush to the ground prior to Irak's incident, and does not

know how it came to be bowed upward, or how long it had been bowed up.

Mallory Retheford is an assistant store manager at the Merrillville Wal-Mart who responded to the incident. Ms. Retheford observed that the bottom metal piece of the cart corral was bowed a little bit off the ground, but had no idea how long it had been like that. She took photographs of the cart corral showing its condition on the date of the incident.

Byron Gonzalez was collecting carts at the Merrillville Wal-Mart store on the afternoon in March of 2009 when Irak fell. He worked for Wal-Mart collecting carts beginning in September 2008 until after the date of Irak's fall. Gonzalez witnessed Irak's fall. He observed her talking and laughing and gesturing with her friend while she was walking, and he noted that she never looked down. The only time Gonzalez had ever noticed that one of the bars near the footing of a cart corral was bent like the one on which Irak tripped was when Irak fell. The weather on the day of the incident was sunny. The incident occurred around of 4:00 or 5:00 p.m.

Wal-Mart seeks summary judgment on the basis there is no evidence it had actual or constructive knowledge of the bent bar, and thus the notice element of premises liability law has not been met. Wal-Mart points out that the evidence shows that no one at the store ever saw a cart corral bar bent up like the one on which Irak tripped. Wal-Mart further points out that there is no evidence as to how long the bar was bent up, nor is there any evidence of any prior falls due to bent bars, or any reports of bent bars to Wal-Mart.

The notice required for liability to attach under Indiana premises liability law must be more than a general indication that something could be wrong on the premises. The Seventh Circuit has addressed this issue in applying Indiana law. It held "that proof of constructive notice to a possessor of land of the existence of a dangerous condition is properly accomplished where

it is shown that the specific condition at issue, though transitory, is a part of a known and continuing or recurrent condition." Hetzel v. Jewel Companies, 457 F.2d 527, 530 (7th Cir. 1972) (emphasis added). The Court in Hetzel then went on to quote F.W. Woolworth Co. v. Moore, 48 N.E.2d 644, 646 (Ind. 1943), for the definition of when notice may be appropriately inferred by the mere existence of a defective condition. However, it is clear that the facts recited by Irak that the cart corrals arrived with the front rails straight, that they were struck and suffered damaged in the course of the operations of the Wal-Mart store, and that they even had to be replaced on occasion, do not create a reasonable inference that the cart corrals were subject to becoming unreasonably dangerous by the bottom front cross rail bowing up, precipitating any duty to inspect, correct, or warn.

It is clear that there is no evidence that any employee ever observed the dangerous condition that allegedly caused Irak to fall until she fell. Similarly, the undisputed evidence is that the condition of the cart corrals did, in fact, change; that they were bumped, scooted, and the screws attaching the side rails became loose on occasion. These other conditions, the corrals being scooted, or the side rails becoming loose, did not pose a danger to invitees on the Wal-Mart parking lot, and were not the condition which Irak alleges as the cause of her fall. The only evidence on this point shows that it was not until Irak fell that any employee saw the bottom front cross rail of a cart corral bent up in a condition similar to what existed when Irak fell. Accordingly, it must be concluded that Wal-Mart had no notice of the condition that Irak alleges caused her to fall, and Irak cannot establish this element of the premises liability cause of action. Thus, summary judgment is appropriate on this basis.

<u>Conclusion</u>

On the basis of the foregoing, Wal-Mart's summary judgment motion [DE 15] is hereby GRANTED.

Entered: August 12, 2011.

<u>s/ William C. Lee</u><br>
William C. Lee, Judge<br>
United States District Court